<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5146**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLENN ELWOOD HIATT, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00017-NCT-1)

———————

Submitted:  September 19, 2011      Decided:  September 29, 2011

———————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIUM:

Pursuant to a plea agreement, Glenn Elwood Hiatt, Jr. pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court designated Hiatt an armed career criminal, based on several North Carolina state felony breaking and entering convictions, and sentenced him to 188 months' imprisonment. Hiatt appeals, arguing that his prior state convictions were not punishable by more than a year in prison and therefore he was improperly designated an armed career criminal.

To qualify for the fifteen year mandatory minimum punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a felon in possession of a firearm must have three prior convictions for a violent felony or serious drug offense or both, committed on occasions different from one another. A qualifying offense must be punishable by a term exceeding one year. 18 U.S.C. § 924(e)(2)(B). Under North Carolina's structured sentencing scheme, sentences are calculated based on an offender's criminal history and whether his offense falls within the mitigated, presumptive, or aggravated range. N.C. Gen. Stat. § 15A-1340.17(c)-(d) (Lexis Nexis 2009).

At the time of Hiatt's conviction and sentencing, existing precedent established that a prior conviction for a

2

violent felony or serious drug offense was punishable by a prison term exceeding one year if the maximum aggravated sentence that would be imposed for that crime upon a defendant with the worst possible criminal history was more than a year. United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Recently, however, we overruled Harp with our en banc decision in United States v. Simmons, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (No. 08-4475), where we held that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. Simmons, 2011 WL 3607266, at *3.

Hiatt did not receive a sentence exceeding twelve months on any of his North Carolina convictions, and it is unclear from the record on appeal whether any of his convictions exposed him to a sentence exceeding twelve months. Accordingly, we vacate Hiatt's criminal judgment and remand to the district court to reconsider Hiatt's conviction and sentence in light of Simmons. Hiatt's motion to file a pro se supplemental brief is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED